## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

EFRAIN NUNEZ,                           *

      Petitioner,                  *          CASE NO. 5:05-CV-62 DF
                                                         28 U.S.C. § 2255

VS.                                     *

                                               CASE NO. 5:03-CR-12 DF

UNITED STATES OF AMERICA,               *

      Respondent.                  *

## REPORT AND RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration under Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

## Procedural History

Petitioner Nunez was indicted in this court for unlawfully re-entering the United States after deportation in violation of 8 U.S.C. § 1326(a) in connection with 8 U.S.C. § 1326(b)(2).  On February 26, 2003, Petitioner Nunez entered into a Plea Agreement with the Government (R-7) and pled guilty to the charge.  He was sentenced to serve a term of 41 months imprisonment on June 3, 2003 (R-12).  He did not appeal his sentence.  He filed on February 22, 2005, a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 collaterally attacking his sentence (R-15).  Contemporaneously with his Motion To Vacate, Petitioner Nunez filed a Motion to Proceed *In Formera Pauperis* (R-16).  This motion is unnecessary and moot, inasmuch as there is no filing fee requisite

in § 2255 actions.[1]

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is time barred by the one year AEDPA statute of limitations. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) codified as part of 28 U.S.C. § 2255, effective on April 24, 1996, in relevant portion provides as follows:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of -
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner Nunez' sentence/judgment became final with the expiration of the time in which he may have filed an appeal, even if he had waived his right to do so, which was ten days after his sentence went to record on June 3, 2003.[2]  Petitioner's one year period of limitation, therefore, began to run on June 14, 2003, and expired on June 13, 2004, more

---

[1] "A motion under § 2255 is a further step in the movant's criminal case and not a separate civil action, as appears from the legislative history of section 2 of S. 20, 80th Congress, the provisions of which were incorporated by the same Congress in title 28 U.S.C. § 2255." (Advisory Committee Notes, ¶ 2, following Rule 1, Rules Governing Section 2255 Proceedings For The United States District Courts.)

[2] In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days of the entry of the judgment. Rule 4(b)(1)(A)(i), Fed.R.App.P.

than eight months before he filed his § 2255 Motion to vacate on February 22, 2005.

In *Jones v. United States,* 304 F.3d 1035, 1039 (11th Cir. 2002) the Court observed:

> Since the Court has upheld "the signal purpose animating AEDPA as being the desire of Congress to achieve finality in criminal cases, both federal and state," through strict interpretation of the one-year limitation period for federal prisoners in § 2255, we must be cautious in analyzing a § 2255 Petitioner's appellate issues not to "create a loophole which is contrary to the legislative intent of insuring a greater degree of finality." *Brackett v. United States,* 270 F.3d 60, 69 (1st Cir. 2001), *cert. denied,* 535 U.S. 1003, 122 S.Ct. 1575 (2002).

WHEREFORE, IT HAVING BEEN SHOWN that Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence is barred by the AEDPA statute of limitations, the same should be summarily DENIED.

Considering Petitioner's claims nonetheless, it is noted that Petitioner Nunez observes in his Motion that the reason that he did not take action earlier was that he "was waiting for Blakely and the Supreme Court Ruling." The U.S. Supreme Court held in *Woodford v. Garceau,* 538 U.S. 202, 123 S.Ct. 1398 (2003), that, in separating a collateral attack from other motions for questions of timeliness under the AEDPA, a notice of intent to file, or an application for appointment of counsel, or the equivalent thereof, is not a collateral attack, and therefore does not toll the AEDPA one-year period of limitation.

Petitioner Nunez must also be advised that his wait for *Blakely v. Washington,* 124 S.Ct. 2331 (2004) to come along after his sentence, was in vain, inasmuch as *Blakely* was not made retroactive to cases on collateral review. The Supreme Court has not made the

decisions rendered in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348 (2000), *Blakely*

*v. Washington,* 124 S.Ct. 2331 (2004), or *United States v. Booker* and *United States v.*

*Fanfan,* (– U.S. —, No.04-104; No.04-105, decided 1/12/05), retroactive to cases on

collateral review.  The *Booker* Court specifically observed:

> [W]e must apply the Sixth Amendment holding and our
> remedial interpretation of the Sentencing Act – to all cases on
> direct review.  See *Griffin v. Kentucky,* 479 U.S. 314, 328
> (1987) ([A] new rule for the conduct of criminal prosecutions
> is to be applied retroactively to all cases ... pending on direct
> review or not yet final, *with no exception for cases in which the*
> *new rule constitutes a clear break with the past*).(emphasis
> added) See also *Reynoldsville Casket Co. V. Hyde,* 514 U.S.
> 749, 752 (1995).[3]

(p. 23).   The Eleventh Circuit Court of Appeals has recognized that the Supreme Court has

not made *Apprendi, Blakely, Booker, or Fanfan* retroactive to cases on collateral review

such as Petitioner Nunez' § 2255 Motion.  *See In re Dean,* 375 F.3d 1287 (11th Cir.2004);

and *In re Anderson,* 2005 WL 123923 (11th Cir. January 21, 2005); *Varela v. United States,*

2005WL367095 (11th Cir. February 17, 2005).

Additionally, a cursory consideration of Petitioner Nunez claims reveals the lack of

merit in any of them.  First he claims that, "He was wrongly sentenced under the Federal

Sentence System found unconstitutional by the Supreme Court."  Also, in his third ground,

---

[3]  The *Reynoldsville* Court held: New legal principles, even when applied retroactively, do not
apply to cases already closed. Cf. *United States v. Donnelly,* 397 U.S., at 296, 90 S.Ct., at 1039 (Harlan,
J., concurring) (at some point, "the rights of the parties should be considered frozen" and a "conviction ...
final").

Petitioner Nunez simply repeats that, "Facts are that the Supreme Court found sentence guidelines unconstitutional."

To the contrary, in *United States v. Booker* and *United States v. Fanfan,* (– U.S. —, No.04-104; No.04-105, decided 1/12/05), the Supreme Court made clear that the only parts of the Federal Sentencing Guidelines that were found unconstitutional were the two statutory provisions that made the Guidelines mandatory on the district courts rather than just advisory. The *Booker-Fanfan* Court found:

> The Court answered the question of remedy by finding that the provision of the federal sentencing statute that makes the Guidelines mandatory, 18 U.S.C. § 3553(b)(1) (Supp.2004), incompatible with the above stated constituted holding. The Court concluded § 3553(1)(b) must be severed and excised, together with any other statutory section which depends upon the Guidelines' mandatory nature. So modified, the Federal Sentencing Act makes the Guidelines effectively advisory.

*Id.,* p. 13.

> The remainder of the Act functions independently. Without the mandatory provision, the Act nonetheless requires judges to take account of the Guidelines together with other sentencing goals. See 18 U.S.C. § 3553(a)(Supp.2004). The Act nonetheless requires judges to consider the Guidelines sentencing range established for the applicable category of offense committed by the applicable category of defendant, § 3553(a)(4), the pertinent Sentencing Commission policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims, § § 3553(a)(1), (3), (5)-(7) (main ed. and Supp.2004). And the Act nonetheless requires judges to impose sentences that reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and effectively provide the defendant with needed

educational or vocational training and medical care.
§ 3553(a)(2) (main ed. and Supp. 2004).

*Id.,* p. 19 .  Thus, it is clear that the Supreme Count has not found the Federal Sentencing Guidelines unconstitutional, but rather only those two statutory provisions that make the Guidelines mandatory upon the district courts did it find unconstitutional.

In his second claim, Petitioner Nunez states, "Movant's priors were used in his sentence."  He forgets that the *Blakely* case was an extension of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348 (2000), in which the Supreme Court established that, "***other than the fact of a prior conviction***, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." (emphasis added). *Id.,* at 490.   Using Petitioner Nunez' "priors" was actually sanctioned by the Supreme Court in *Apprendi.*

WHEREFORE, after preliminary consideration of Petitioner Nunez' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 as directed by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts,

IT IS DETERMINED that Petitioner's Motion is barred by the AEDPA statute of limitations, and that furthermore there is no merit in his claims of application of the *Apprendi,Blakely,Booker-Fanfan* rulings of the United States Supreme Court to his sentence and Motion.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion be DENIED. Likewise, Petitioner's Motion For Appointment of Counsel should be DENIED as moot.

Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may file and serve written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 8th day of March 2005.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE